UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ONE RESOURCE GROUP CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> CODY A. CRAWFORD, <br><br> Defendant. | CAUSE NO. 1:19-CV-445 DRL-SLC |

## OPINION & ORDER

Cody Crawford seeks to certify the court's personal jurisdiction finding for interlocutory appeal under 28 U.S.C. § 1292(b). Because the issue of personal jurisdiction does not involve a question of law as contemplated by 28 U.S.C. § 1292(b), the court now denies Mr. Crawford's motion.

## BACKGROUND

This dispute between Mr. Crawford and One Resource Group Corporation (ORG) arose after Mr. Crawford, acting as ORG's insurance agent, didn't repay ORG a commission payment on an insurance policy that was later rescinded (*see* ECF 33). When left unpaid, ORG sued Mr. Crawford in state court to recover the commission. Mr. Crawford removed the case based on diversity jurisdiction. After ORG filed its amended complaint, Mr. Crawford filed a motion to dismiss the amended complaint based on the lack of personal jurisdiction.

The court denied Mr. Crawford's motion to dismiss "because he purposefully availed himself of the privilege of soliciting ORG's services and conducting business activities on an ongoing basis within Indiana, because the alleged injury arises from his Indiana-related activity, and because the exercise of jurisdiction comports with traditional notions of fair play and substantial justice" (ECF 33). Mr. Crawford filed this motion for a certificate of appealability.

STANDARD

Under 28 U.S.C. § 1292(b), "when a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." The "importance of the careful application of the statutory test" of § 1292(b) cannot be understated. *See Ahrenholz v. Bd. Of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). The moving party must present "a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation." *Id.* The party's petition must be filed within a reasonable time after the order the party seeks to appeal is issued. *Id.* at 675-76 (citing *Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir. 2000)). A district court "may not and should not" certify its order unless all the required criteria are satisfied. *Id.* at 676. This is not to say that if all the criteria are satisfied the district court must certify its order. Congress has "confer[red] on district courts first line discretion to allow interlocutory appeals." *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995).

DISCUSSION

Mr. Crawford hasn't met the requirements of 28 U.S.C. § 1292(b)—particularly because he hasn't presented a "question of law" under § 1292(b). *See Ahrenholz*, 219 F.3d at 675. A "'question of law' as used in § 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Id.* at 676. A "question of law" in this context does not refer to questions related to the meaning of a contract or whether the opponent of a summary judgment motion raised a genuine issue of material fact, as examples. *Id.* "[Congress] used question of law in much the same way a lay person might, as referring to a 'pure' question of law rather than merely to an issue that might be free from a factual contest." *Id.* at 676-677. "The idea was that if a

2

case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case." *Id.* at 677. Put simply, a "question of law" under § 1292(b) means "an abstract legal issue." *Id.*

The question that Mr. Crawford seeks to certify for interlocutory appeal is "whether this court has specific personal jurisdiction over Crawford" (ECF 38 at 2). Mr. Crawford does not frame the question as an abstract one related to the constitutional requirements for specific personal jurisdiction. Instead, Mr. Crawford offers the question as one of legal application—whether this court has specific personal jurisdiction over him—which is not a question of law under § 1292(b). *See Ahrenholz*, 219 F.3d at 676-77. *See also Demkovich v. St. Andrew the Apostle Parish, Calumet City*, 973 F.3d 718, 721-22 (7th Cir. 2020) (A "broad legal question, not limited to the factual details of the particular case" about the scope of the ministerial exception under Title VII and the Americans with Disabilities Act was suitable for interlocutory appeal under § 1292(b)).

Mr. Crawford cites *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799-800 (7th Cir. 2014), to contend that this circuit has treated specific personal jurisdiction as "an essential threshold question most appropriate for determination at the outset of a case." Although personal jurisdiction is an essential threshold question in any case, that does not make it a "question of law" as contemplated by § 1292(b). In *Advanced Tactical*, this circuit reviewed an interlocutory appeal under 28 U.S.C. § 1292(a)(1), a different provision that allows the circuit to hear appeals from orders related to injunctions and does not require that the order involve a "question of law." *Id.* at 799. Although the circuit is "entitled to entertain a threshold non-merits question, such as personal jurisdiction, at the outset of a case," *id.* at 800, that does not transform questions of legal application regarding personal jurisdiction into questions of law under § 1292(b) nor does it require this court to certify those questions for interlocutory appeal. *Advanced Tactical* isn't on point.

Mr. Crawford cites to other cases for the proposition that personal jurisdiction is a question of law, such as *Klump v. Duffus*, 71 F.3d 1368 (7th Cir. 1995) and *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961 (Ind. 2006). Both cases refer to personal jurisdiction as a "question of law," but only in the context of decision. Neither case looked at the question in the context of § 1292(b). Neither case described the personal jurisdiction issue here as "an abstract legal issue." *See Ahrenholz*, 219 F.3d at 677. Whether this court has specific personal jurisdiction over Mr. Crawford is not an abstract legal issue but one that involves a review of facts from the record.

Mr. Crawford argues that the circuit should hear this issue because it does not require "an extensive dive into a lengthy record" but instead involves "only two affidavits comprised of a few pages" (ECF 40 at 2). However, when the circuit wrote that "if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record," *Ahrenholz*, 219 F.3d at 677, it was not saying that non-abstract legal issues with only a short record to review are also "questions of law" under § 1292(b). This is a fact-bound question, not a "question of law" under § 1292(b).

Mr. Crawford insists that this question is "contestable" under § 1292(b) because there is a difference of opinion as to whether the court had specific personal jurisdiction over him. Curious then that Mr. Crawford didn't file a motion to reconsider to present that error. Still, this argument doesn't get him any further because he is not seeking review of a "question of law." *See, e.g.*, *Ahrenholz*, 219 F.3d at 676 ("Often there is room for a difference of opinion" over the denial of summary judgment, but that does not "make denials of summary judgment routinely appealable" under § 1292(b)).

Mr. Crawford nonetheless argues that there is a substantial difference of opinion as to this issue based on this district's previous decision in *Jayco, Inc. v. Nat'l Indoor RV Ctrs. LLC*, No. 3:17-cv-458 RLM-MGG, 2017 U.S. Dist. LEXIS 157391 (N.D. Ind. Sept. 26, 2017). Even if the court were to

4

review the fact-specific question of personal jurisdiction again, *Jayco* would not seem the winning ticket for Mr. Crawford.[1]

In *Jayco*, the court lacked specific personal jurisdiction over three out-of-state defendants because the relevant conduct that gave rise to the plaintiff's trademark, unfair competition, and breach of contract claims occurred in Texas, not Indiana. *Id.* at 13-15. The dealership agreements at issue there were executed in Texas. *Id.* at 13. The acts that caused the harm all took place in Texas; and, though the plaintiff resided in Indiana, that fact alone wasn't enough to authorize jurisdiction over the defendants. *Id.* at 15-16. The conduct that the plaintiff in *Jayco* sought to proscribe was all occurring in Texas. *Id.* In short, the contract's formation, its future consequences, and its course of dealing were Texas-oriented.

Here, the relevant conduct didn't happen elsewhere. Consistent with standards governing contractual relations found in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985), including underlying negotiations (Mr. Crawford's solicitation of services in Indiana akin to *Daniel J. Hartwig Assoc., Inc. v. Kanner*, 913 F.2d 1213, 1216 (7th Cir. 1990)), the contract's contemplated future consequences (including the unreimbursed commission to be paid in Indiana), and the course of dealing related to the parties' contract that resulted in a continuing relationship that directed business into Indiana, this case-linked conduct supported specific personal jurisdiction. Thus, the alleged injury in this case arises from Indiana-related activity where the activity in *Jayco* wasn't.

CONCLUSION

Because this court may not certify an issue for interlocutory appeal under § 1292(b) unless all the required criteria are satisfied, this court must deny Mr. Crawford's motion because the first statutory requirement, that the issue present a "question of law," is not satisfied. For this reason, it

---

[1] This presiding judge has some working knowledge of *Jayco* as he was at the time counsel for the defendants in that case.

makes no difference whether this question is controlling or contestable, or whether its resolution would speed up the litigation. Any discussion as to whether the question is controlling or contestable would involve analysis regarding how a particular application of the facts would be controlling or how the parties contest the way in which the facts apply to the law in this case. This only reaffirms that "whether this court has specific personal jurisdiction over Crawford" is not a question of law under § 1292(b). Accordingly, the court DENIES Mr. Crawford's motion for a certificate of appealability (ECF 38).

SO ORDERED.

November 18, 2020                             *s/ Damon R. Leichty*
                                              Judge, United States District Court